## HALL v. AMERICAN SOC. FOR CONTROL OF CANCER et al.
### Civil Action No. 718.

District Court, M. D. Tennessee,
Nashville Division.

Jan. 29, 1947.

George S. Buckner, of Murfreesboro, Tenn., for plaintiff.

Lee Douglas, Arthur Crownover, Jr., and E. J. Walsh, all of Nashville, Tenn, for defendant.

DAVIES, District Judge.

This cause came on further to be heard upon motion of American Cancer Society, Inc., to strike plaintiff's request for a jury trial on all issues of fact in this cause, for the reason that this is a suit arising in equity and the issues therein are equitable issues and the plaintiff is not, of right, entitled to a trial by jury.

While the cause has been denominated a suit to construe a will, in reality, it has none of the attributes of a suit for the construction of a will. There is no patent ambiguity on the face of the will requiring construction by the Court, and there are no indefinite or inconsistent clauses contained in the will which would require the Court to construe the intention of the testator.

The sole purpose of the suit is to identify the trustee named in the will and one of the beneficiaries. This is only a latent ambiguity to be disclosed by extrinsic evidence. Horne v. Nashville Trust Company, 11 Tenn.App. 225.

The Court is, therefore, of the opinion that plaintiff is entitled to have the cause tried by a jury.

The defendant's motion, which also contains a motion to strike parts of the reply filed by plaintiff, is, therefore, overruled and denied.